UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YOULIN WANG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RICHARD KAHN, FORENSIC PROFESSIONALS GROUP USA, INC., and DEREK LONGSTAFF,<br><br>　　　　　Respondents. | Case No. 20-CV-08033-LHK<br><br>**ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

Before the Court is Petitioner Youlin Wang's motion for temporary restraining order and order to show cause re preliminary injunction. ECF No. 14 ("TRO motion"). Having considered the motion, the relevant law, and the record in this case, the Court DENIES Petitioner's TRO motion.

**I.    BACKGROUND**

Through an authorized agent, Petitioner retained Defendant Derek Longstaff to provide legal services in connection with a tax refund that Petitioner sought for two property sales in 2017 and 2018. *Id.* at 6. Longstaff then allegedly entered into a scheme with Defendants Richard Kahn

1

Case No. 20-CV-08033-LHK
ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

and Forensic Professionals Group USA (collectively, "Kahn Respondents") to defraud Petitioner through use of an illegal tax deferral vehicle. *Id.* at 5–6. Kahn Respondents also allegedly entered into an agreement with Longstaff that provided the Kahn Respondents with a contingent fee interest in Petitioner's tax refunds. *Id.* at 7. This was accomplished through an allegedly fraudulent power of attorney authorizing Longstaff to act on Petitioner's behalf. *Id.* at 8. Kahn Respondents also allegedly increased their contingency fees by inflating Petitioner's tax refund. *Id.*

On November 6, 2019, Longstaff was terminated as counsel for Petitioner. *Id.* at 9. In late 2019, Longstaff and the Kahn Respondents had a dispute related to their agreement and the amount Petitioner owed the Kahn Respondents. Petitioner was not informed of this dispute. Longstaff allegedly forged another power of attorney authorization on behalf of Petitioner. On November 20, 2019, the Kahn Respondents initiated arbitration in Florida with Longstaff over unpaid fees. The initial arbitration claim by the Kahn Respondents was asserted against Longstaff, both individually and as purported "attorney-in-fact by way of power of attorney for Wang." *Id.* at 9. On March 25, 2020, the Kahn Respondents filed an amended claim in arbitration for tortious interference and libel claims against Petitioner and sought $10,000,000 in damages. *Id.* at 9.

Petitioner alleges that he was never informed of these proceedings. Petitioner further alleges that Longstaff has continued to purport to act on Petitioner's behalf in the arbitration, despite the fact that Longstaff has no authority to represent Petitioner. *Id.* at 10. In mid-September 2020, Petitioner was made aware of the arbitration proceedings. *Id.* at 10–11. On October 31, 2020, Petitioner's counsel provided notice to the arbitrator and the parties that Petitioner objected to arbitral jurisdiction and that Petitioner intended to file a petition to enjoin the arbitration. *Id.* at 11. On November 6, 2020, Bernard Beitch, the arbitrator, conducted a telephonic conference at which Petitioner's counsel made a limited appearance for the purpose of raising objections and answering any questions. The arbitrator demanded that Petitioner make a

2

Case No. 20-CV-08033-LHK
ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

general appearance so as not to delay the arbitration. The arbitrator warned that if Petitioner delayed in making a general appearance, the arbitrator would consider imposing sanctions. *Id.* The next status conference is scheduled for December 3, 2020. *Id.*

## II.  PROCEDURAL HISTORY

On November 13, 2020, Petitioner filed a petition to enjoin the arbitration and prevent Longstaff from acting on behalf of Petitioner in arbitration. ECF No. 1. On November 18, 2020, Petitioner filed a memorandum of points and authorities in support of the petition. ECF No. 10. On November 20, 2020, Petitioner filed the instant motion. ECF No. 14.

## III.  LEGAL STANDARD

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).

## IV.  DISCUSSION

Petitioner argues that he will suffer three irreparable injuries if the TRO motion is not granted. First, the arbitrator may impose sanctions on Petitioner. TRO at 23. Second, Longstaff may act on Petitioner's behalf on decisions related to the arbitration. *Id.* at 24. Third, if Petitioner is ultimately forced to participate in the arbitration, Petitioner's ability to defend himself will be compromised because Petitioner will have failed to participate in ongoing discovery proceedings.

3

*Id.*

Under Ninth Circuit law, damages compensable through money cannot constitute the irreparable harm required for the extraordinary equitable remedy of a temporary restraining order. *See Los Angeles Memorial Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("[M]onetary injury is not normally considered irreparable."); *see also hiQ Labs, Inc. v. LinkedIn Corporation*, 938 F.3d 985, 993 (9th Cir. 2019) (same). Each of Petitioner's stated injuries can be compensated with money damages if Petitioner prevails in this case. The Court therefore finds that Petitioner has failed to establish irreparable harm.

Moreover, Petitioner's claim of irreparable harm is further undermined by Petitioner's delay in filing the petition and TRO. Petitioner states that he became aware of the arbitration proceedings in "mid-September 2020." *Id.* at 10. However, despite knowing of the proceedings since mid-September, Petitioner did not file the petition in this case until November 13, 2020. Petitioner then waited to file the TRO until 5:54 p.m. PST on November 20, 2020, the Friday before the week of Thanksgiving. This delay "implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985). Thus, Petitioner has not made a "clear showing" that he is likely to face "immediate" and "irreparable harm" in the absence of a TRO. *Winter*, 555 U.S. at 21.

Finally, the Court has serious doubts about the merits of Petitioner's claims. The Court will therefore not decide any subsequent motion without hearing from Respondents. At present, Petitioner has not yet filed any proofs of service in this case. The Court therefore ORDERS Petitioner to file proof of service of the petition, TRO motion, and this Order on Respondents by November 25, 2020.

## V.   CONCLUSION

For the foregoing reasons, the Court finds that Petitioner has failed to make the required showing of irreparable harm. The Court therefore DENIES Petitioner's motion for a temporary restraining order and order to show cause re preliminary injunction.

Case No. 20-CV-08033-LHK
ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

**IT IS SO ORDERED.**

Dated: November 24, 2020

_____
LUCY H. KOH
United States District Judge

5

Case No. 20-CV-08033-LHK
ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION