UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YOULIN WANG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>FORENSIC PROFESSIONALS GROUP USA, INC., et al.,<br><br>　　　　　Respondents. | Case No. 20-CV-08033-LHK<br><br>**ORDER GRANTING UNOPPOSSED MOTION FOR PRELIMINARY INJUNCTION** |

Before the Court is Petitioner Youlin Wang's ("Petitioner") unopposed motion for a preliminary injunction. ECF No. 23 ("Mot."). Having considered the motion, the relevant law, and the record in this case, the Court GRANTS Petitioner's unopposed motion for a preliminary injunction.

Petitioner seeks a preliminary injunction against Respondents Richard Kahn ("Kahn") and the Forensic Professionals Group USA, Inc. (collectively, "Respondents") enjoining the arbitration brought by Respondents in Miami, Florida as Case Number 01-19-0004-1076. Mot. at 2. Petitioner argues that he meets the four-factor balancing test for a preliminary injunction. *Id.* at 10. The equitable factors a court considers when deciding whether to grant a motion for a preliminary injunction are: (1) plaintiff's likelihood of success on the merits; (2) the possibility of

1

irreparable injury to plaintiff; (3) the balance of hardships; and (4) whether a preliminary injunction would be in the public interest. *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). Petitioner argues that he is likely to succeed on the merits of his claims because the underlying agreements containing the purported arbitration clause were not signed by Petitioner. Rather, they were signed by Derek Longstaff under a forged power of attorney. Mot. at 2. Next, Petitioner argues that Petitioner will suffer irreparable harm absent injunctive relief because he will be forced to spend money and human capital to arbitrate non-arbitrable claims. *Id*; *see Pension Plan for Pension Tr. Fund for Operating Engineers v. Weldway Const., Inc.*, 920 F. Supp. 2d 1034, 1049 (N.D. Cal. 2013) (explaining that a party suffers irreparable harm by incurring costs in arbitrating a dispute that is non-arbitrable); *AT&T Mobility LLC v. Bernardi*, 2011 WL 5079549, at *10 (N.D. Cal. Oct. 26, 2011) (same). Finally, Petitioner argues that the balance of equities tips in his favor because absent a preliminary injunction, he will be forced to arbitrate claims he did not agree to arbitrate, and the requested preliminary injunction will serve the public interest because it will protect the integrity of the arbitration process. Mot. at 3.

The Court has given Respondents repeated opportunities to oppose Petitioner's motion for a preliminary injunction, and yet Respondents have chosen not to oppose the motion. Petitioner filed the motion on December 7, 2020. ECF No. 23. Respondents' opposition was due by December 21, 2020.

On December 24, 2020, Respondent Kahn, appearing pro se, requested an extension of time to January 29, 2021 to hire local counsel and respond to the motion. ECF No. 26. On December 29, 2020, the Court granted Kahn's request to extend time. ECF No. 31.

On January 15, 2021, counsel Douglas Everett Klein made an appearance on behalf of Respondents Richard Kahn and Forensic Professionals Group USA. ECF No. 35.

On January 25, 2021, the parties stipulated to an extension of time to February 12, 2021 for Respondents to oppose the motion, which the Court granted. ECF Nos. 36, 37. Respondents failed to file an opposition by February 12, 2021. Petitioner filed a reply on the stipulated

deadline of February 26, 2021.  ECF No. 43.

To this date, April 5, 2021, Respondents, who are represented by counsel, have still failed to oppose Petitioner's motion for a preliminary injunction, which was filed nearly four months ago on December 7, 2020.

The Court is satisfied that Petitioner has met his burden to demonstrate that a preliminary injunction should issue and therefore GRANTS Petitioner's unopposed motion for a preliminary injunction.  The Court may issue a preliminary injunction only if the movant gives security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined.  Fed. R. Civ. P. 65(c).  Petitioner argues that there is no realistic likelihood of harm to Respondents because the injunction will only stay the arbitration for the period required for the Court to rule on the merits of the case.  Mot. at 24.  Petitioner argues that he should therefore be required to post only a minimal bond.  The Court agrees.  Thus, the Court imposes a bond of $1,000.

Accordingly, the Court GRANTS Petitioner's unopposed motion for a preliminary injunction.  Respondents are enjoined from continuing their arbitration in Case Number 01-19-0004-1076.  As a condition of the preliminary injunction, Petitioner is ordered to post a bond in the amount of $1,000 with the Clerk for the United States District Court for the Northern District of California to secure payment of any damages sustained by Respondents if they are later found to have been wrongfully enjoined.  The preliminary injunction shall take effect upon posting of the bond and last until the Court's decision on the merits or until the Court orders otherwise.

**IT IS SO ORDERED.**

Dated: April 5, 2021

_Lucy H. Koh_
LUCY H. KOH
United States District Judge