GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
ERIN M. ADRIAN, ESQ. (SBN 228718)
(ema@grellas.com)
VIVI T. LEE, ESQ. (SBN 247513)
(vl@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Petitioner
YOULIN WANG

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

YOULIN WANG, an individual
Petitioner,

v.

RICHARD KAHN, an individual; and FORENSIC PROFESSIONALS GROUP USA, INC., a Florida corporation; and DEREK LONGSTAFF, an individual,

Respondents.

Case No.: 5:20-cv-08033-BLF

**NOTICE OF MOTION AND MOTION FOR COURT'S ENTRY OF DEFAULT JUDGMENT AGAINST DEREK LONGSTAFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hearing Date: September 8, 2022
Time: 9:00 a.m.
Judge: Beth Labson Freeman
Courtroom: 3 - 5th Floor

Date Action Filed: November 13, 2020

# TABLE OF CONTENTS

Page

I. STATEMENT OF ISSUES ........ 2

II. INTRODUCTION AND STATEMENT OF FACTS ........ 3

A. Background ........ 3

B. Procedural Posture ........ 5

III. ARGUMENT ........ 6

A. Legal Standard ........ 6

B. The Well-Pled Allegations Of The Petition Establish The Court's Jurisdiction Over Longstaff ........ 6

C. The Well-Pled Allegations Of The Petition And Supporting Evidence Establish Longstaff's Liability ........ 7

D. The *Eitel* Factors Weigh In Favor Of Entry Of Default Judgement ........ 8

E. There Is No Just Reason To Delay Entry Of Judgment Against Longstaff ........ 10

F. The Well-Pled Allegations Of The Petition And Supporting Declarations Establish That A Permanent Injunction Against Longstaff Is Proper ........ 11

IV. CONCLUSION ........ 13

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## TABLE OF AUTHORITIES

## CASES

Pages

*Eitel v. McCool*,
782 F.2d 1470 (9th Cir. 1986)........................................................ 1, 2, 6, 8, 10

*Frow v. De La Vega*,
82 U.S. 552 (1872)........................................................................... 10

*Getty Images (US), Inc. v. Virtual Clinics*,
No. C13–0626JLR, 2014 WL 358412 (W.D. Wash. Jan. 31, 2014) .................. 8, 9

*In re Tuli*,
172 F.3d 707 (9th Cir. 1999)........................................................... 6

*PepsiCo, Inc. v. Cal. Security Cans*,
238 F. Supp. 2d 1172 (C.D. Cal. 2002)........................................ 6, 8, 9, 10, 12

*Shanghai Automation Instrument Co., Ltd. v. Kuei*,
194 F. Supp. 2d 995 (N.D. Cal. 2001) ............................................ 6, 9, 10

*TeleVideo Systems, Inc. v. Heidenthal*,
826 F.2d 915 (9th Cir. 1987)........................................................... 6

*Western Watersheds Project v. Abbey*,
719 F.3d 1035 (9th Cir. 2013)......................................................... 11

## STATUTES & RULES

9 U.S.C. § 203 ......................................................................................... 7

Fed. R. Civ. P. 54(b) ............................................................................... 10

Fed. R. Civ. P. 54(c)................................................................................ 11

Fed. R. Civ. P. 55(a)................................................................................ 6

Fed. R. Civ. P. 55(b) ............................................................................... 6, 9

Fed. R. Civ. P. 55(b)(2)........................................................................... 1

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

**TO THE CLERK OF THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 8, 2022, at 9:00 a.m., or as soon thereafter as may be heard, in Courtroom 3 on the 5th Floor of the above-entitled Court, Petitioner Youlin Wang ("Wang"), will and hereby moves under Federal Rules of Civil Procedure 55(b)(2), for a default judgment against Respondent Derek Longstaff ("Longstaff") and entry of a permanent injunction against Longstaff.

Specifically, Wang seeks an order enjoining Longstaff from purporting to represent or act on behalf of Wang in the arbitration brought by Richard Kahn and Forensic Professionals Group USA, Inc. in Miami, Florida, before the American Arbitration Association, Case No. 01-19-0004-1076.

This Motion is brought on the grounds that the Clerk of the Court has entered Longstaff's default for not answering or otherwise moving with respect to the Petition to Enjoin Arbitration (the "Petition") in this action; that the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), favor the entry of a default judgment against Longstaff; that there is no just reason to delay entry of judgment against Longstaff; and that the Petition's well-pled allegations and other supporting evidence support a permanent injunction against Longstaff.

Respectfully submitted,

Dated: May 16, 2022

GRELLAS SHAH LLP

By: /S/ Dhaivat H. Shah
Dhaivat H. Shah, Esq.
Attorneys for Petitioner
YOULIN WANG

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner Youlin Wang ("Wang") respectfully requests that the Court enter a default judgment against respondent Derek Longstaff ("Longstaff") and permanently enjoin Longstaff from purporting to represent or act on behalf of Wang in the arbitration brought by Richard Kahn ("Kahn") and Forensic Professionals Group USA, Inc. ("FPG," and together with Kahn, the "Kahn Respondents") in Miami, Florida, before the American Arbitration Association (the "AAA"), Case No. 01-19-0004-1076 (the "Arbitration") or pursue any claims on Wang's behalf in the Arbitration.

## I. STATEMENT OF ISSUES

1. **Should a default judgment be entered against Longstaff?** Yes, the Clerk of the Court has already entered Longstaff's default for not answering or otherwise moving with respect to the Petition to Enjoin Arbitration (the "Petition") in this action. While there is a strong policy in favor of deciding actions on the merits, a decision on the merits is impractical, if not impossible, in this matter with respect to Longstaff, who has chosen not to participate in this action despite being properly served with the summons and Petition, the request for entry of default, and other filings in this matter. Every other factor set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), favors the entry of default judgment against Longstaff.

2. **Should the Court enter a permanent injunction against Longstaff?** Yes, the well-pled allegations of the Petition and other supporting evidence establish that Longstaff was not authorized to represent or act on behalf of Wang in the Arbitration. Wang has suffered irreparable injury from Longstaff's unlawful representation of Wang and will continue to suffer irreparable injury if Longstaff is not enjoined from purporting to represent Wang in the future. Remedies at law are inadequate to compensate Wang for the harm caused by Longstaff. There is no legitimate hardship to Longstaff in being enjoined from further representing someone he is not authorized to represent. The public interest would not be disserved by a permanent injunction.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## II. INTRODUCTION AND STATEMENT OF FACTS

### A. Background

In or around 2016 and 2017, Wang built two new single-family residences in Palo Alto, California. Petition ¶ 1. Wang subsequently transferred one of the properties to Magnoliadrhomes LLC ("Magnolia"). *Id.* Wang sold the properties in October 2017 and May 2018. *Id.* ¶ 2. Because Wang is a foreign national, there was a significant tax withholding from the proceeds of these sales by both the federal government and the state of California pending filing of Wang's tax returns for the calendar year of each sale (such withholdings, the "FIRPTA Withholdings"). *Id.* ¶ 3. Guohua "Greg" Xiong ("Xiong"), Wang's authorized agent and a California resident, retained respondent Longstaff, a California-licensed attorney, to provide legal services to Wang in connection with Wang's tax refunds for the 2017 and 2018 calendar year and to Magnolia in connection with Magnolia's use of the proceeds from the property sales. *Id.* ¶ 4.

Longstaff, however, did not provide legal services. He instead entered into a scheme with the Kahn Respondents and with Kahn's colleague, Joseph Libkey ("Libkey"), to defraud Wang. Longstaff and Libkey induced Xiong to enter into an agreement called a "Deferred Asset Trust," which they represented was a mechanism through which Wang would receive valuable tax deferral benefits in connection with the property sales. *Id.* ¶¶ 5-6. At Libkey's direction, over $3 million in proceeds from one of the property sales was wired into an account established by Libkey. *Id.* ¶ 9. Shortly after they were deposited, Libkey withdrew the funds without authorization. Despite repeated demands, those funds have never been returned to Wang. *Id.* ¶ 10.

Longstaff then worked with Kahn and Luis Bulas-Felix ("Bulas-Felix") to defraud Wang, the U.S. Treasury and the State of California out of the FIRPTA Withholdings. Kahn and Bulas-Felix were tasked with preparing Wang's 2017 and 2018 tax returns. *Id.* ¶ 18. The calculation of a FIRPTA refund and the state law equivalent is a simple deduction of the mandatory withholding minus any capital gains from the sale. *Id.* But without Wang's or

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Xiong's knowledge, Longstaff entered into the Partially Deferred Retainer and Fee Agreement ("PDRFA") and Refund Disbursement Service Agreement ("RDS," and with the PDRFA, the "Agreements") with the Kahn Respondents on or about August 16, 2018, under which the Kahn Respondents were purportedly to receive a significant contingent fee interest in Wang's tax returns. *Id.* ¶¶ 13, 19. The contingent fee was both unconscionable and illegal. *Id.* ¶ 20.

Neither Wang nor Xiong knew about these agreements, authorized them, or entered into them. Instead, Kahn and Longstaff created a fraudulent and forged power-of-attorney purportedly authorizing Longstaff to act on Wang's behalf. *Id.* ¶ 14. They created this fraudulent power-of-attorney by cutting and pasting a signature they thought was Wang's and attaching a notarization page from a different document. *Id.* ¶ 16. Then Kahn and Longstaff executed the Agreements without Wang's or Xiong's knowledge. *Id.* ¶¶ 14, 17. Longstaff had no authority to sign the Agreements on Wang's behalf. *Id.* ¶ 16.

To artificially inflate Wang's refund, and thus the Kahn Respondents' purported claimed contingency fee, Kahn and Bulas-Felix, without Wang's knowledge or agreement, falsified Wang's tax returns to grossly understate the capital gains on the sales. *Id.* ¶ 21. The Kahn Respondents then misappropriated excess refunds paid to Wang as well as refunds that Wang was legitimately owed. Among other things, the Kahn Respondents directed the California Franchise Tax Board to wire the refund directly to them, which they subsequently misappropriated. *Id.* Having subsequently discovered this fraud, Wang amended his tax returns to repay all the amounts that the Kahn Respondents misappropriated, as well as interest.

Xiong terminated Longstaff as attorney for Wang and Magnolia on November 6, 2019. *Id.* ¶ 23. Unbeknownst to Xiong and Wang, however, on or around November 20, 2019, the Kahn Respondents initiated the Arbitration in Miami, Florida, against Wang and purportedly against Longstaff. *Id.* ¶ 24. The initial Arbitration claim was asserted against Longstaff individually and as purported attorney-in-fact by way of power of attorney for Wang. *Id.* ¶ 25. Neither the Kahn Respondents nor Longstaff notified Wang or Xiong that the Arbitration had

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

been filed. *Id.* ¶ 28. Instead, Longstaff appeared in the Arbitration, purportedly on Wang's behalf, as both attorney-at-law and attorney-in-fact despite having been terminated and lacking any authority to act on Wang's behalf. *Id.* ¶ 30. Longstaff purported to file an answer and counterclaims on behalf of Wang, purported to participate in arbitrator selection on behalf of Wang, and purported to make appearances in the Arbitration on behalf of Wang. *Id.*

Over the next several months, Longstaff and the Kahn Respondents chose an arbitrator, agreed to a scope of discovery and discovery schedule, and set a date for the arbitral hearing, all to the detriment of Wang and all without his knowledge or consent. *Id.* ¶ 33. Longstaff deliberately took a number of actions to prejudice Wang's legal position in the Arbitration, including purporting to make arbitral admissions that were both damaging and false, and failing to take any discovery.

The first attempt made by any party to the Arbitration to provide a copy of any Arbitration pleadings to anyone affiliated with Wang was in mid-September 2020, when Longstaff finally sent a copy of the Amended Claim in the Arbitration to Morgan Lewis, Magnolia's formal counsel. *Id.* ¶ 34. Morgan Lewis explained to AAA that it did not represent Wang with respect to the Arbitration. *Id.*

On October 31, 2020, Wang's counsel, Grellas Shah LLP, provided AAA and the parties to the Arbitration notice that Wang objected to arbitral jurisdiction and that Wang intended to file a petition in federal court to enjoin the Arbitration. *Id.* ¶ 35. On November 6, 2020, Grellas Shah made a limited appearance before Bernard D. Beitch, Esq. (the "Arbitrator"), for the purpose of answering any questions regarding its objections and its intention to seek judicial relief. Wang's counsel made clear that no general appearance was being made, and that Wang objected to arbitral jurisdiction. *Id.* ¶ 36.

**B. Procedural Posture**

Wang filed the Petition with this Court on November 13, 2020, seeking to enjoin the Arbitration and to enjoin Longstaff from purporting to represent or act on behalf of Wang in the Arbitration. Dkt. 1; Declaration of Dhaivat H. Shah ("Shah Decl.") ¶ 2. Longstaff agreed

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

to accept service of the summons and Petition via email on November 25, 2020, and the proof of service was filed on November 25, 2020. Dkt. 19; Shah Decl. ¶ 3.

Longstaff failed to answer or respond in any way to the Petition in the time prescribed by the Federal Rules of Civil Procedure, and, accordingly, Wang requested entry of Longstaff's default. Dkt. 79. The Court entered Longstaff's default on May 10, 2022. Dkt. 80. Wang now seeks entry of default judgment against Longstaff.

## III. ARGUMENT

### A. Legal Standard

A court may order default judgment following the entry of default by the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a). *See* Fed. R. Civ. P. 55(b). Entry of a default judgment is within the Court's discretion. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). The Ninth Circuit has set forth the following factors courts may consider in determining whether to grant default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72. Upon entry of default, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

### B. The Well-Pled Allegations Of The Petition Establish The Court's Jurisdiction Over Longstaff

When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has the affirmative duty to determine whether it has jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Petition's allegations, which are now taken as true against Longstaff, establish the Court's subject matter and personal jurisdiction.

This Court has original jurisdiction over this action under 9 U.S.C. § 203, because this is a civil action concerning an arbitration falling under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards ("NY Convention"). Petition ¶ 9. Judge Koh affirmed the Court's subject matter jurisdiction in her order denying the Kahn Respondents' motion to vacate the preliminary injunction. *See* Dkt. 68 at 13:7-24:24.

The Court has personal jurisdiction over Longstaff because he is a resident of this state. Petition ¶ 10.

### C. The Well-Pled Allegations Of The Petition And Supporting Evidence Establish Longstaff's Liability

The Petition asserts one count against Longstaff seeking an injunction to prevent Longstaff from purporting to represent or act on behalf of Wang in the Arbitration. The Petition's allegations and supporting evidence establish that Longstaff lacked authority to act on Wang's behalf in the Arbitration.

On November 6, 2019, Xiong terminated Longstaff as attorney for Wang and Magnolia. Petition ¶ 23; Shah Decl. ¶ 7 & Ex. A at ¶ 6. On December 4, 2019, out of an abundance of caution, Xiong confirmed to Longstaff that Xiong had terminated Longstaff from all legal matters related to Wang or any of Wang's companies and that Longstaff had no authorization to act on Wang's behalf. Shah Decl. ¶ 7 & Ex. A at ¶ 7.

The Arbitration was initiated on or about November 20, 2019. Longstaff appeared in the Arbitration on December 10, 2019, and represented himself as appearing on behalf of himself and Wang. Petition ¶ 30. Longstaff did not notify Wang about the Arbitration or Longstaff's purported continued representation of Wang until mid-September 2020. *Id.* ¶ 34; Shah Decl. ¶ 8 & Ex. B at ¶¶ 8-10. Upon obtaining new counsel, Wang notified the Arbitrator that Wang had no knowledge of the Arbitration and that Longstaff was not authorized to represent Wang in the Arbitration. Petition ¶ 35 & Ex. G; Shah Decl. ¶ 8 & Ex. B at ¶¶ 8-11.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

In addition to having been formally terminated as counsel for Wang prior to the initiation of the Arbitration, Longstaff purported to act for Wang under powers of attorney that Longstaff had forged. *See* Petition ¶¶ 15-16; Shah Decl. ¶¶ 8-10 & Ex. B at ¶¶ 16-17, 20, Ex. C at ¶¶ 16-18, Ex. D at ¶¶ 4-8. Wang did not sign the powers of attorney and had no knowledge of them. Petition ¶¶ 15-16; Shah Decl. ¶ 8 & Ex. B at ¶¶ 16-17, 20. Longstaff never had authority to act for Wang in the Arbitration.

**D. The *Eitel* Factors Weigh In Favor Of Entry Of Default Judgment**

Consideration of the *Eitel* factors confirms that default judgment against Longstaff is warranted. *See Eitel*, 782 F.2d at 1471-72.

Prejudice to the Plaintiff: "[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Getty Images (US), Inc. v. Virtual Clinics*, No. C13–0626JLR, 2014 WL 358412, at *3 (W.D. Wash. Jan. 31, 2014). If default judgment is not entered against Longstaff, Wang would have no recourse against him to prevent him from purporting to take further actions on behalf of Wang without Wang's knowledge or permission. This factor therefore favors default judgment.

Merits of the Substantive Claim and Sufficiency of the Complaint: The second and third *Eitel* factors are often considered together and require the plaintiff to state a claim on which he may recover. *See PepsiCo*, 238 F. Supp. 2d at 1175. As discussed in *supra* § II.C, the Petition's well-pled allegations and supporting evidence establish that Longstaff never had authority to act on Wang's behalf in the Arbitration. Longstaff had been formally terminated from representing Wang in any capacity prior to the initiation of the Arbitration, and the powers of attorney Longstaff purported to act under had been forged by Longstaff. *See* Petition ¶¶ 15-16, 23; Shah Decl. ¶¶ 8-10 & Ex. B at ¶¶ 16-17, 20, Ex. C at ¶¶ 16-18, Ex. D at ¶¶ 4-8. As discussed in *infra* § II.F, the allegations and evidence also establish that a permanent injunction against Longstaff to prevent him from purporting to represent or act on behalf of Wang in the Arbitration is proper. These factors therefore also favor default judgment.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Sum of Money at Stake: This factor considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Because Wang is seeking only injunctive relief against Longstaff and not monetary damages, this factor also favors default judgment. *Id*. at 1177.

Possibility of Dispute Concerning Material Facts: Because a default has been entered against Longstaff, there is "no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Getty*, 2014 WL 358412 at *4; *see also PepsiCo*, 238 F.Supp.2d at 1177 (stating same). The allegations against Longstaff are supported by ample evidence, and Longstaff has not challenged the allegations. While the Kahn Respondents moved to vacate the preliminary injunction after failing to oppose the preliminary injunction motion, they have not disputed Wang's evidence that the power of attorney Longstaff purported to act under was forged and that Longstaff had been terminated from any legal representation of Wang at the time the Arbitration was initiated. This factor therefore also favors default judgment.

Whether the Default Was Due to Excusable Neglect: Longstaff's default cannot be attributed to excusable neglect because he was properly served with the Petition and the request for entry of default, and will be served with the papers for this motion. *See Shanghai Automation Instrument Co., Ltd.*, 194 F. Supp. 2d at 1005. Wang has also consistently served Longstaff with Wang's filings in this matter. Longstaff is a California licensed attorney and has chosen not to participate in this case. This factor therefore also favors default judgment.

Strong Policy Favoring Decisions on the Merits: There is a strong policy favoring decisions on the merits whenever possible. "However, the mere existence of Fed. R. Civ. P. 55(b) indicates that 'this preference, standing alone, is not dispositive.'" *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted); *see also Getty*, 2014 WL 358412 at *6 (noting that this factor was not dispositive and did not change the Court's decision to grant default judgment). Where a defendant has failed to answer the complaint, "a decision on the merits is impractical,

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. The preference for a decision on the merits should not preclude default judgment here.

Other than the policy favoring decisions on the merits, every *Eitel* factor favors default judgment against Longstaff. Accordingly, the Court may exercise its discretion and enter a default judgment against Longstaff.

**E. There Is No Just Reason To Delay Entry Of Judgment Against Longstaff**

The Court may enter final judgment against fewer than all defendants "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Because a default judgment against Longstaff is not inconsistent with or likely to be inconsistent with judgment on the merits in favor of the currently non-defaulting respondents, the concerns addressed in *Frow v. De La Vega*, 82 U.S. 552 (1872), are not applicable here. *See Shanghai Automation Instrument Co., Ltd.*, 194 F. Supp. 2d at 1008-1010.

The Petition alleges different counts against the Kahn Respondents and Longstaff and requests different relief against them. *See* Petition ¶¶ 37-69. Entering judgment against Longstaff and enjoining him from purporting to represent Wang in the Arbitration would not be inconsistent with a judgment for the Kahn Respondents in the unlikely event they defend and prevail in this action and the Arbitration is permitted to proceed. The Court therefore retains discretion under Rule 54(b) to enter a default judgment against fewer than all defendants. *See Shanghai Automation Instrument Co., Ltd.*, 194 F. Supp. 2d at 1009-1010.

As discussed above, Longstaff's liability has been established, and the *Eitel* factors strongly favor entry of default judgment. Differing judgments between Longstaff and the Kahn Respondents would not be illogical. Longstaff is not an infant or incompetent, nor is Longstaff in the military service of the United States, and the Clerk of the Court has already entered his default. Shah Decl. ¶ 6; Dkt. 80. Accordingly, there is no just reason for delaying entry of judgment against Longstaff.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

**F. The Well-Pled Allegations Of The Petition And Supporting Declarations Establish That A Permanent Injunction Against Longstaff Is Proper**

The Petition requests that the Court issue an order enjoining Longstaff from purporting to represent or act on behalf of Wang in the Arbitration. Petition 13:8-9. Such relief may therefore be granted pursuant to a default judgment. *See* Fed. R. Civ. P. 54(c) (providing that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings").

A permanent injunction may be issued if a party shows "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Western Watersheds Project v. Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013) (citation and internal quotation marks omitted). The Petition and supporting evidence establish each of these elements.

Wang has suffered irreparable injury due to Longstaff's actions. Longstaff's unlawful representation of Wang has included pursuing claims in Wang's name and making admissions to Wang's detriment. *Id*. ¶ 61. By purporting to represent Wang in the Arbitration without Wang's consent and without even disclosing the existence of the Arbitration to Wang, Longstaff has deprived Wang of the right to pursue his interests in the Arbitration, choose what (if any) counterclaims to assert, and choose what (if any) admissions to make or theories to pursue or assert. Petition ¶¶ 29-30. Longstaff has also deprived Wang of the opportunity to challenge venue or to participate in the selection of an arbitrator, as required under AAA rules. *Id*. ¶¶ 27, 33. If the Court finds that the Agreements are binding on Wang and Longstaff is not enjoined from purporting to represent or act on Wang's behalf in the Arbitration, Wang will suffer further irreparable injury should Longstaff choose to take further actions purportedly on Wang's behalf. Even if it appears unlikely that a defendant's wrongful conduct will continue in the future, "in the absence of opposition by the non-appearing defendant, it cannot be said

that it is 'absolutely clear' that Defendant's allegedly wrongful behavior has ceased and will not begin again." *PepsiCo*, 238 F. Supp. 2d at 1178 (citation omitted). The irreparably injury element has therefore been met.

Remedies available at law are inadequate to compensate Wang for the injuries caused by Longstaff. Longstaff's unlawful actions have resulted in Wang being subjected to an Arbitration based on agreements he did not authorize Longstaff to enter into in a venue he was deprived of the opportunity to challenge before an arbitrator he had no involvement in selecting. Petition ¶¶ 27, 29-30, 33. Longstaff has taken extensive actions in the Arbitration that are detrimental to Wang, and Wang now faces an Amended Statement of Claim in the Arbitration seeking over $10,000,000 in damages. *Id*. ¶¶ 31, 61 & Ex. F. Longstaff is named as a respondent in the Arbitration and has a clear conflict of interest with Wang. He must be enjoined from further purporting to represent Wang. Monetary damages are not sufficient to remedy the violations of Wang's due process rights. But even if monetary damages were available, the remedy is still "inadequate if it cannot be collected because of insolvency or if obtaining the remedy would require a 'multiplicity of suits.'" *Getty*, 2014 WL 358412 at *8 (citation omitted). Wang would have to file another suit to attempt to recover any monetary losses he suffers due to Longstaff's conduct, rendering monetary damages inadequate.

The balance of hardships clearly favors an injunction. As discussed above, Wang has been and will continue to be seriously harmed by Longstaff's purported representation of Wang in the Arbitration. There is no legitimate hardship to Longstaff in being enjoined from further representing someone he is not authorized to represent.

Lastly, the public interest would not be disserved by a permanent injunction. There is no public policy in favor of allowing an attorney whose services have been terminated and who has a clear conflict of interest with the client to continue representing the client, particularly after the attorney concealed his actions from the client and caused the client irreparable harm. There is, however, a public interest to protect due process, which has been denied to Wang thus far in the Arbitration.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

**IV. CONCLUSION**

Based on the foregoing, Wang respectfully requests that the Court enter a default judgment against Longstaff and permanently enjoin Longstaff from purporting to represent or act on behalf of Wang in the Arbitration or pursue any claims on Wang's behalf in the Arbitration.

Respectfully submitted,

Dated: May 16, 2022

GRELLAS SHAH LLP

By: /s/ Dhaivat H. Shah
Dhaivat H. Shah
Attorneys for Petitioner
YOULIN WANG

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

13
MOTION FOR COURT'S ENTRY OF DEFAULT JUDGMENT - 5:20-cv-08033-BLF