UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YOULIN WANG,<br><br>        Petitioner,<br><br>    v.<br><br>RICHARD KAHN, et al.,<br><br>        Respondents. | Case No. 20-cv-08033-BLF<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: ECF No. 81] |

This action for injunctive relief arises from an arbitration regarding fees for the tax services provided in association with two real estate sales in Palo Alto, California (the "Arbitration"). In November 2019, Respondents Richard Kahn and Forensic Professionals Group USA, Inc. ("FPG") (collectively "Kahn Respondents") initiated the Arbitration to recover unpaid fees against Petitioner Youlin Wang, as well as Petitioner's former attorney Derek Longstaff. Pet. Enjoin Arbitration ("Pet.") ¶¶ 24-25, ECF No. 1. After learning of the Arbitration, Petitioner filed this action in the Northern District of California, seeking to enjoin the Kahn Respondents from pursuing the Arbitration and to enjoin Longstaff from purporting to act on Petitioner's behalf in the Arbitration. Pet. ¶¶ 37-69.

Now before the Court is Petitioner's motion for default judgment and a permanent injunction against Longstaff. Mot. Default J. ("Mot."), ECF No. 81. For the reasons discussed below, the Court GRANTS the motion for default judgment.

I. **BACKGROUND**

    A. **Factual Background**

In 2017 and 2018, Petitioner Youlin Wang sold two single-family residences in Palo Alto, California that he had developed. Pet. at 4:3-7. Because Petitioner is a foreign national, the

proceeds from those sales were subject to significant federal and state tax withholding, exceeding $1 million, to be recouped as refunds in Petitioner's tax returns for the calendar year. *Id.* at 4:8-10. Through his brother-in-law and authorized agent Guohua Xiong, Petitioner retained Santa Clara attorney Derek Longstaff to provide legal services for, *inter alia*, Petitioner's tax returns and refunds from the property sales. *Id.* at 4:11-14. Longstaff subsequently secured the tax services of Respondents Richard Kahn and Forensic Professionals Group USA, Inc. to assist with Petitioner's tax refunds. *Id.* at 5:1-5.

In the course of Longstaff's interactions with the Kahn Respondents on behalf of Petitioner, Longstaff created an allegedly fraudulent power of attorney ("POA") dated November 13, 2017, purportedly from Petitioner conferring Longstaff and his firm with broad authority to act on Petitioner's behalf. *Id.* ¶¶ 14-15. Petitioner asserts that he did not sign the POA and did not give Longstaff authority to act on his behalf. *Id.*

After creating the alleged fraudulent POA from Petitioner and presenting himself as Petitioner's attorney-in-fact, Longstaff entered into a Partially Deferred Retainer and Fee Agreement ("PDRFA") and a Refund Disbursement Service ("RDS") Agreement with the Kahn Respondents on or about August 16, 2018. *Id.* at 5:6-10; *see also id.*, Exs. A (PDRFA), B (RDS Agreement). The RDS Agreement contained the arbitration clause under which the Kahn Respondents initiated the underlying Arbitration. *Id.* at 3:5-8; *see also* RDS Agreement 4-5.

On November 6, 2019, Xiong terminated Longstaff as attorney for Petitioner. Pet. ¶ 23.

### B. Arbitration History

On or around November 20, 2019, the Kahn Respondents initiated the Arbitration with the American Arbitration Association ("AAA") against Longstaff, individually and as purported power of attorney for Petitioner, alleging breach of the PDRFA and RDS Agreement for unpaid fees. Pet. ¶ 24. Neither Longstaff nor the Kahn Respondents notified Petitioner or Xiong that the Arbitration had been filed. *Id.* ¶ 28.

On December 10, 2019, after he had been terminated as Petitioner's attorney, Longstaff appeared in the Arbitration and purported to file an answer and counterclaims on behalf of both himself and Petitioner. *Id.* ¶¶ 29-30; *see also id.*, Ex. E ("Arbitration Answer"), at 1-2, ECF No.

1-5. Longstaff further purported to make appearances, select an arbitrator, agree to the scope of discovery and a discovery schedule, and set a date for the arbitral hearing on behalf of Petitioner. *Id.* ¶¶ 30, 33. Petitioner's Motion also argues that Longstaff made damaging and false arbitral admissions and failed to take any discovery in the Arbitration. Mot. 5.

Around mid-September 2020, Longstaff sent a copy of the Arbitration's Amended Claim to Morgan, Lewis & Bockius LLP, former counsel to Petitioner's company MagnoliaDrHomes LLC. Pet. ¶ 34. Petitioner alleges that this was the first time that a party to the Arbitration attempted to provide the Arbitration pleadings to anyone affiliated with Petitioner. *Id.* On October 31, 2020, Petitioner's current counsel, Grellas Shah LLP, informed AAA and the parties to the Arbitration that Petitioner objected to arbitral jurisdiction. *Id.* ¶ 35.

### C. Procedural History

On November 13, 2020, Petitioner filed the Petition in this Court to enjoin the Arbitration and enjoin Longstaff from representing Petitioner in the Arbitration. ECF No. 1. On April 5, 2021, then-District Judge Koh granted an unopposed motion for preliminary injunction, enjoining Respondents from continuing the Arbitration. Order Granting Mot. Prelim. Inj., ECF No. 45. On January 4, 2022, Circuit Judge Koh sitting by designation reaffirmed the injunction by denying Kahn Respondents' motion to vacate the preliminary injunction and to dismiss for lack of personal jurisdiction, subject matter jurisdiction, and venue. Order Denying Mot. ("Jan. 4 Order"), ECF No. 68, Jan. 4, 2022. On June 10, 2022, Kahn Respondents filed their answer. ECF No. 91.

With respect to Longstaff specifically, Petitioner filed a proof of service on Longstaff, who had affirmatively accepted service by e-mail on November 25, 2020. ECF No. 19. To date, Longstaff has made no appearance before the Court. *See* Mot. 6. On May 9, 2022, Petitioner moved for and received a Clerk's Notice for Entry of Default as to Longstaff. ECF Nos. 79-80. Shortly thereafter, Petitioner filed the instant motion for default judgment against Longstaff.

### II. LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). In deciding whether to enter default judgment, a court may

consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

Where default judgment is sought against less than all defendants, a court may enter judgment against the defaulting defendants "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Ninth Circuit—in synthesizing Rule 54(b) with *Frow v. De La Vega*, 82 U.S. 552 (1872) (holding that a final judgment for joint fraud "against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal")—has held final judgments against defaulting defendants to be "incongruous and unfair" where there are non-defaulting defendants who are "'similarly situated,' such that the case against each rests on the same legal theory." *Garamendi v. Henin*, 683 F.3d 1069, 1082-83 (9th Cir. 2012) (citing *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)).

### III. DISCUSSION

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court first assesses its jurisdiction and service of process before considering the *Eitel* discretionary factors.

#### A. Jurisdiction

The Petition alleges—and the Court accepts as true—that Longstaff is a resident of California. Pet. at 2:22-23. Accordingly, the Court has general personal jurisdiction over him. *See, e.g.*, *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

With respect to subject matter jurisdiction, the Petition claims that this Court has original jurisdiction pursuant to 9 U.S.C. § 203, because the claims relate to an Arbitration that falls under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards ("New York

4

Convention"). Pet. at 2:19-21. Previously in this action, Judge Koh—in considering challenges to the Petition's First and Second Counts against the Kahn Respondents—had found that the arbitration agreement fell under the New York Convention and, therefore, the Court has subject matter jurisdiction over the Counts against the Kahn Respondents. Jan. 4 Order, at 14. Although the present motion seeks a different injunction against a different Respondent, Judge Koh's jurisdictional analysis applies with equal force here, because all of Petitioner's claims arise from the same Arbitration for subject matter jurisdiction purposes. Accordingly, the Court sees no reason to depart from Judge Koh's holding and is satisfied that subject matter jurisdiction exists over the Petition's claim against Longstaff.

### B. Service of Process

When a plaintiff requests default judgment, the court must assess whether the defendant was properly served with notice of the action. *See, e.g., Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 960 (N.D. Cal. 2019).

Here, Petitioner's counsel electronically served the Petition and other case-opening documents on Longstaff by sending the documents to a "longstafflaw@yahoo.com" email address. ECF No. 19, Ex. A. The Court has no reason to doubt that this email address belongs to Respondent Derek Longstaff, and it also takes *sua sponte* judicial notice that this email address is associated with a "Derek Raymond Longstaff" attorney profile on the California State Bar website. *See, e.g.*, *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (taking judicial notice of state bar records). Moreover, the electronic service appeared to have resulted in actual notice, as Petitioner's counsel received a response agreeing to accept service by email. ECF No. 19, Ex. A.

The Court finds that electronic service to Longstaff's email address was reasonably calculated to give actual notice—and did indeed result in actual notice—and that Longstaff was properly served with notice of this action.

### C. *Eitel* Factors

Having established that jurisdiction and service on Longstaff is satisfied in this case and a default was entered against Longstaff, the Court considers the *Eitel* factors in exercising its discretion to enter a default judgment and permanent injunction against Longstaff. For the

5

following reasons, the Court will GRANT Petitioner's motion.

### i. Factor 1: Prejudice to Petitioner

The Court agrees with Petitioner that "prejudice exists where the plaintiff has no recourse for recovery other than default judgment." Mot. 8 (quoting *Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412, at *3 (W.D. Wash. Jan. 31, 2014)).

Petitioner asserts that, absent the injunction, he would be at risk of further injury should Longstaff choose to take further actions purportedly on Petitioner's behalf. Mot. 11-12. Although the Kahn Respondents have already been *preliminarily* enjoined from continuing with the Arbitration as of April 2021 (ECF No. 45, at 3), Petitioner is now seeking a *permanent* injunction against Longstaff from "purporting to represent or act on behalf of Youlin Wang in the Arbitration." Proposed Order 2, ECF No. 81-2; *see also* Pet. ¶ 68.

The Court does note that Petitioner's current counsel, Grellas Shah LLP, already made a special appearance in the Arbitration, informing the arbitrator that Longstaff had been acting in the Arbitration without Petitioner's authority. Pet. ¶¶ 35-36. However, this does not mean that future prejudice to Petitioner has been eliminated, because "in the absence of opposition by the non-appearing defendant, it cannot be said that it is 'absolutely clear' that Defendant's allegedly wrongful behavior has ceased and will not begin again." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1178 (C.D. Cal. 2002). Even if the risk of future injury has been somewhat mitigated, Petitioner has no other recourse to permanently prevent Longstaff from purporting to act on his behalf in the Arbitration, absent the entry of the requested permanent injunction.

This factor, therefore, slightly favors default judgment.

### ii. Factors 2 and 3: Sufficiency of the Complaint and Likelihood of Success on the Merits

The second and third *Eitel* factors ask, in combination, whether Petitioner's complaint is sufficient and whether the complaint shows that Petitioner is likely to succeed on the merits. *See, e.g.*, *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.* ("*EFF*"), 290 F. Supp. 3d 923, 941 (N.D. Cal. 2017). Because these two factors are so closely related, courts often examine them together. *Id.* at 941.

Against Longstaff, Petitioner asserts one count for "Permanent Injunction Pursuant to 9 U.S.C. § 206." Pet. at 11. Specifically, the Petition "seeks an order enjoining Longstaff from purporting to represent or act on behalf of Wang in the Arbitration or pursue any claims on Wang's behalf in the Arbitration." *Id.* ¶¶ 58, 68.

Section 206 states as follows: "A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United Statesf." 9 U.S.C. § 206. Federal courts have interpreted § 206 to permit injunctions where they are "necessary to preserve the status quo and the meaningfulness of the arbitration process." *See Toyo Tire Holdings Of Americas Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 980-81 (9th Cir. 2010) ("[W]e conclude that a district court may issue interim injunctive relief on arbitrable claims if interim relief is necessary to preserve the status quo and the meaningfulness of the arbitration process.") (citing *PMS Distrib. Co. v. Huber & Suhner, A.G.*, 863 F.2d 639, 642 (9th Cir. 1988)); *see also CRT Cap. Grp. v. SLS Cap., S.A.*, 63 F. Supp. 3d 367, 375 (S.D.N.Y. 2014) ("A federal court should have the same power to enjoin an arbitration under the New York Convention as it would have to enjoin a domestic arbitration under Chapter 1 of the FAA.").

Furthermore, before a court may issue a permanent injunction, a party must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013).

Here, the Court finds that the well-pled allegations in the Petition support the narrow injunctive relief Petitioner is seeking against Longstaff. Petitioner has adequately alleged an irreparable injury, namely Longstaff's actions in the Arbitration purportedly taken on behalf of Petitioner despite his being terminated as Petitioner's counsel. Pet. ¶¶ 23, 30; *see also id.*, Ex. E. Longstaff's *ultra vires* actions deprived Petitioner of various due process rights, including the right to notice of the Arbitration and participation in arbitrator selection. Pet. ¶¶ 28, 30, 33-34.

7

Furthermore, remedies at law are unable to compensate for Petitioner's injury, as monetary damages would be difficult to calculate and would not prevent Longstaff from further purporting to take actions on behalf of Petitioner in the Arbitration. *See WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 285 (2d Cir. 2012) ("Harm may be irreparable where the loss is difficult to replace or measure, or where plaintiffs should not be expected to suffer the loss.").

The Court further finds that the balance of hardships warrants a remedy in equity and the public interest would not be disserved by the permanent injunction Petitioner requests. The hardships that Petitioner would suffer from Longstaff's continued *ultra vires* actions soundly outweigh the hardship to Longstaff of being enjoined from representing someone whom he is not authorized to represent in the first instance. There is also no public interest in permitting an attorney to continue representing and taking actions on behalf of a former client in an arbitration where both attorney and client are co-respondents. For these same reasons, the relatively narrow injunctive relief that Petitioner seeks here, that Longstaff be enjoined from purporting to act on behalf of Petitioner in the Arbitration, would preserve the status quo and the meaningfulness of the arbitration process under 9 U.S.C. § 206 by ensuring that Petitioner is not further prejudiced by the actions of terminated counsel. *See Toyo Tire Holdings*, 609 F.3d at 980-81.

Finally, the Court acknowledges that partial default judgments against less than all defendants are generally disfavored where defendants are "similarly situated," which would constitute a "just reason for delay" in judgment pursuant to Federal Rule of Civil Procedure 54(b). *See In re First T.D. & Inv.*, 253 F.3d at 532; *Frow*, 82 U.S. 552. Here, however, Longstaff and the non-defaulting Kahn Respondents are *not* similarly situated, because the factual allegations underpinning Petitioner's respective claims against them are separate and distinct. The fact that Derek Longstaff had no authority to act on behalf of Petitioner *in the Arbitration* is distinct from his authority to act on behalf of Petitioner *to enter into the arbitration agreement*, the primary issue disputed by the Kahn Respondents. *See* Joint Rule 26(f) Report and Initial Case Management Statement ("Apr. 28 CMC Statement"), at 5-6, 11 (Kahn Respondents remarking that "Petitioner's due process claims [arising from Longstaff's actions] are merely a red herring"), 13 (Kahn Respondents acknowledging that "[t]he Petitioner's remedy, if any, may lie with

Petitioner's former counsel, Derek Longstaff."), ECF No. 75, Apr. 28, 2022; *see also infra* Section III(C)(iv). Because the claims against the different Respondents are premised on different factual allegations, it would not be "incongruous and unfair" to allow Petitioner to prevail against Longstaff while the Kahn Respondents continue to defend against the claims against them. *See In re First T.D. & Inv.*, 253 F.3d at 532. Therefore, there is "no just reason for delay" of a partial judgment under Rule 54(b), as Petitioner has established that he is entitled to injunctive relief and that partial judgment against Longstaff would not be "incongruous and unfair" to the non-defaulting Respondents.

The second and third *Eitel* factors accordingly weigh in favor of default judgment.

### iii. Factor 4: Sum of Money at Stake

Where plaintiffs do not seek monetary relief but only injunctive or declaratory relief, this factors factor favors default judgment. *See, e.g.*, *EFF*, 290 F. Supp. 3d at 947. Petitioner only seeks an injunction against Longstaff (Mot. 9); accordingly, this factor favors default judgment.

### iv. Factor 5: Dispute Concerning Material Facts

This factor examines the likelihood of a material dispute between parties regarding the facts alleged in the case. "In assessing this factor, courts examine whether, if defendants appeared, they would be able to dispute material facts." *EFF*, 290 F. Supp. 3d at 947.

Upon entry of default, Longstaff is deemed to have admitted all well-pled allegations in the Petition. *See, e.g.*, *Facebook, Inc. v. Sahinturk*, No. 20-CV-08153-JSC, 2022 WL 1304471, at *9 (N.D. Cal. May 2, 2022). Furthermore, Petitioner has submitted documentary evidence that Longstaff responded to the demand for arbitration on behalf of Petitioner (Pet., Ex. E, at 1-2), in addition to declarations that Longstaff had been terminated as counsel for Petitioner before the Arbitration was initiated. Decl. Dhaivat H. Shah, Ex. A ¶¶ 6-7; Ex. B ¶¶ 9-10. Accordingly, it is unlikely that, even if Longstaff had appeared, he could dispute the fact that he had acted on behalf of Petitioner without authority in the Arbitration.

The Court takes the opportunity here to clarify that it issues no holding or judgment as to Petitioner's claims against the non-defaulting Kahn Respondents. Petitioner's claims against the Kahn Respondents arise from the fact that Petitioner "is not party to the [arbitration] Agreements,

9

has not consented to Arbitration, and has not consented to the authority of the AAA over him." Pet. ¶ 39. Meanwhile, the claim against Longstaff is based on a separate set of facts, specifically his unauthorized actions during the Arbitration. *Id.* ¶¶ 60-62. By finding that material dispute is unlikely as to the facts underlying Petitioner's claim against Longstaff, the Court does not opine upon any disputes relating to the validity of the underlying arbitration agreement, whether Longstaff falsified a POA from Petitioner, or any other issues disputed by the Kahn Respondents related to the claims against them. *See generally* Apr. 28 Joint CMC Statement, at 5-14. As a result, the fact that non-defaulting Kahn Respondents may dispute some factual allegations of the Petition does not affect the entry of default judgment against Longstaff.

Because all well-pled allegations in the claim are admitted against Longstaff and it is unlikely that those facts will be disputed, the fifth *Eitel* factor favors default judgment.

### v. Factor 6: Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's failure to respond may be attributable to excusable neglect. Here, not only was Longstaff electronically served in a manner reasonably calculated to provide actual notice (*see supra* Section III(B)), but he had also affirmatively responded and agreed to Petitioner's request to accept electronic service. ECF No. 19, Ex. A. Furthermore, given that Longstaff is an attorney, his neglect and failure to respond to a court summons is especially inexcusable. This factor weighs in favor of default judgment.

### vi. Factor 7: Policy for Decisions on the Merits

The final *Eitel* factor accounts for the general policy that default judgments are disfavored and that cases should be decided on the merits whenever possible. *See, e.g.*, *EFF*, 290 F. Supp. at 948. Default judgment is nonetheless warranted where a "decision on the merits [is] impracticable, if not impossible." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

Here, Longstaff has failed to make any appearance in this case despite affirmatively accepting email service by Petitioners, thereby rendering a decision on the merits against him impracticable, if not impossible. To the extent this factor nonetheless weighs against default judgment, it is not dispositive standing alone. *See Facebook*, 2022 WL 1304471, at *10.

### vii. Summary of Factors

In sum, the second, third, fourth, fifth, and sixth *Eitel* factors weigh in favor of default judgment, with the first factor slightly in favor of default judgment. The only factor counseling against default judgment is the general policy in favor of judgment on the merits, which is outweighed by the remaining factors in favor of default judgment.

The Court, having considered all *Eitel* factors, will exercise its discretion to GRANT Petitioner's motion for default judgment against Respondent Derek Longstaff.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's motion for default judgment is GRANTED.

There being no just reason for delay, default judgment pursuant to Federal Rule of Civil Procedure 54(b) is therefore DIRECTED in favor of Petitioner and against Respondent Derek Longstaff. Respondent Derek Longstaff is permanently enjoined from purporting to represent or act on behalf of Petitioner Youlin Wang in Case No. 01-19-0004-1076 before the American Arbitration Association.

A copy of this Order and corresponding Default Judgment shall be personally served on Derek Longstaff, and Petitioner shall file a certificate of service.

Dated: August 26, 2022

_____
BETH LABSON FREEMAN
United States District Judge

11