# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| YOULIN WANG,<br>　　　　Plaintiff,<br>　v.<br>RICHARD KAHN, et al.,<br>　　　　Defendants. | Case No.  20-cv-08033-BLF<br><br>**ORDER GRANTING SEALING MOTION** |

Before the Court is Plaintiff Youlin Wang's administrative motion to file under seal an exhibit to Defendant's reply to the motion to compel arbitration. *See* ECF Nos. 140, 141[1] ("Motion").  Defendant does not oppose the motion.  The Court has considered the motion and supporting declarations.  For the following reasons, the motion to seal is GRANTED.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

//

---

[1] Plaintiff filed the same motion twice on the docket, once under seal (ECF No. 140) and once publicly (ECF No. 141).  This Order terminates both ECF No. 140 and ECF No. 141.

1    In addition, in this district, all parties requesting sealing must comply with Civil Local
2    Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a
3    document under seal, including an explanation of: (i) the legitimate private or public interests that
4    warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
5    alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
6    requires the moving party to provide "evidentiary support from declarations where necessary."
7    Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
8    material." Civ. L.R. 79-5(c)(3).

## II.   DISCUSSION

Because a motion to compel arbitration is only tangentially related to the merits of the case, Plaintiff must show good cause to seal the document. *See In re Lithium Ion Batteries Antitrust Litig.*, No. 15-CV-02987-YGR, 2016 WL 5791356, at *1 n.2 (N.D. Cal. Oct. 4, 2016) (applying "good cause" standard to motion to seal associated with motion to compel arbitration).

The material that Plaintiff seeks to seal is two pages from his amended 2017 personal tax returns. *See* Motion at 1. On October 7, 2022, these documents were filed by Defendant as an exhibit to his reply to the motion to compel arbitration. *See* ECF No. 124. Defendant did not file the exhibit under seal although the documents were subject to a protective order. ECF No. 141-2 ¶¶ 2-6. Plaintiff's attorney realized that the tax returns had been publicly filed a few days later and notified Defendant. *Id.* ¶ 7. The parties stipulated to remove the documents from public record on October 11, 2022, ECF No. 131, and the Court granted the stipulation that same day, ECF No. 134. "[I]nformation such as IRS filings and tax returns of particular individuals" can be sealed even under the higher compelling reasons standard. *Hall v. Cultural Care USA*, No. 3:21-cv-00926-WHO, 2022 WL 2905353, at *10 (N.D. Cal. July 22, 2022). The Court therefore finds the information is properly sealed.

//
//
//
//

2

**III. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to seal is GRANTED.

Dated: October 25, 2022

_____
BETH LABSON FREEMAN
United States District Judge