1

2

3                    UNITED STATES DISTRICT COURT

4                  NORTHERN DISTRICT OF CALIFORNIA

5                         SAN JOSE DIVISION

6

7    YOULIN WANG,                          Case No.  20-cv-08033-BLF

8                   Petitioner,

9         v.                              ORDER DENYING PETITIONER'S
                                          MOTION FOR SUMMARY
10   RICHARD KAHN, et al.,                 JUDGMENT

11                  Respondents.           [Re:  ECF No. 138]

12

13        This action for injunctive relief arises from an arbitration regarding fees for the tax services

14   provided in association with two real estate sales in Palo Alto, California (the "Arbitration").  In

15   November 2019, Respondent Richard Kahn and Forensic Professionals Group USA, Inc. ("FPG")

16   initiated the Arbitration to recover unpaid fees against Petitioner Youlin Wang, as well as

17   Petitioner's former attorney Derek Longstaff.  ECF No. 1 ("Pet.") ¶¶ 24-25.  After learning of the

18   Arbitration, Petitioner filed this action in the Northern District of California, seeking to enjoin the

19   Kahn Respondents from pursuing the Arbitration and to enjoin Longstaff from purporting to act

20   on Petitioner's behalf in the Arbitration.  Pet. ¶¶ 37-69.

21        Now before the Court is Petitioner's motion for summary judgment.  ECF No. 138

22   ("MSJ"); *see also* 151 ("Reply").  Respondent Richard Kahn opposes the motion.  ECF No. 150

23   ("Opp.").  The Court held a hearing on the motion on December 1, 2022.  *See* ECF No. 156.  For

24   the reasons discussed on the record and explained below, the Court DENIES the motion for

25   summary judgment.

26   I.    BACKGROUND

27         A.    Factual Background

28          Petitioner, through his brother-in-law and authorized agent Guohua Xiong, retained

United States District Court
Northern District of California

attorney Derek Longstaff to provide legal services for, *inter alia*, Petitioner's 2017 and 2018 tax returns.  Declaration of Youlin Wang, ECF No. 23-4 Ex. A ("Wang Decl.") ¶¶ 3, 5; Declaration of Guohua "Greg" Xiong, ECF No. 117-2 ("Xiong Decl.") ¶¶ 3-5.  Longstaff subsequently secured the tax services of Respondent Richard Kahn and FPG to assist with Petitioner's tax refunds.  Xiong Decl. ¶¶ 8-9.

In the course of Longstaff's interactions with the Kahn and FPG on behalf of Petitioner, Longstaff created an allegedly fraudulent power of attorney ("POA") dated November 13, 2017, purportedly from Petitioner conferring Longstaff and his firm with broad authority to act on Petitioner's behalf.  Wang Decl. ¶ 16, Ex. B ("November 2017 POA").  Petitioner asserts that he did not sign the POA and did not give Longstaff authority to act on his behalf.  *Id.*

After creating the alleged fraudulent November 2017 POA from Petitioner and presenting himself as Petitioner's attorney-in-fact, Longstaff entered into a Partially Deferred Retainer and Fee Agreement ("PDRFA") and a Refund Disbursement Service ("RDS") Agreement with FPG on or about August 16, 2018.  *See* Pet. Exs. A (PDRFA), B (RDS Agreement).  The RDS Agreement contained the arbitration clause under which the Kahn Respondents initiated the underlying Arbitration.  RDS Agreement at 4.

On November 6, 2019, Xiong terminated Longstaff as attorney for Petitioner.  Xiong Decl. ¶ 20.

### B.    Arbitration History

On or around November 20, 2019, Kahn and FPG initiated the Arbitration with the American Arbitration Association ("AAA") against Wang and Longstaff, individually and as purported power of attorney for Petitioner, alleging breach of the PDRFA and RDS Agreement for unpaid fees.  Declaration of Dhaivat Shah, ECF No. 138-2 ("Shah Decl.") ¶ 2, Ex. A.  Neither Longstaff nor Kahn notified Petitioner or Xiong that the Arbitration had been filed.  *Id.* ¶ 3.

On December 10, 2019, after he had been terminated as Petitioner's attorney, Longstaff appeared in the Arbitration and purported to file an answer and counterclaims on behalf of both himself and Petitioner.  Shah Decl. ¶ 4; *see also* Pet. Ex. E at 1-2.  Longstaff further purported to make appearances and select an arbitrator.  Shah Decl. ¶ 4.

United States District Court
Northern District of California

Around mid-September 2020, Longstaff sent a copy of the Arbitration's Amended Claim to Morgan, Lewis & Bockius LLP, former counsel to Petitioner's company MagnoliaDrHomes LLC.  Shah Decl. ¶ 5.  Petitioner alleges that this was the first time that a party to the Arbitration attempted to provide the Arbitration pleadings to anyone affiliated with Petitioner.  *Id.* ¶ 5.  On October 31, 2020, Petitioner's current counsel, Grellas Shah LLP, informed AAA and the parties to the Arbitration that Petitioner objected to arbitral jurisdiction.  *Id.* ¶ 6.

### C.   Procedural History

On November 13, 2020, Petitioner filed the Petition in this Court to enjoin the Arbitration and enjoin Longstaff from representing Petitioner in the Arbitration.  ECF No. 1.  On April 5, 2021, then-District Judge Koh granted an unopposed motion for preliminary injunction, enjoining Respondents from continuing the Arbitration.  ECF No. 45.  On January 4, 2022, Circuit Judge Koh sitting by designation reaffirmed the injunction by denying Kahn and FPG's motion to vacate the preliminary injunction and to dismiss for lack of personal jurisdiction, subject matter jurisdiction, and venue.  ECF No. 68.  On June 10, 2022, Kahn and FPG filed their answer.  ECF No. 91.

The Court entered default judgment against Longstaff on August 26, 2022.  ECF Nos. 106-07.  On August 31, 2022, the Court struck the answer as to FPG for failure to obtain counsel of record.  ECF No. 108.  On September 2, 2022, the Clerk entered default as to FPG.  ECF No. 110.  Kahn is thus the only remaining Respondent in the case.

Now before the Court is Wang's motion for summary judgment.

## II.   LEGAL STANDARD

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).  "The moving party initially bears the burden of proving the absence of a genuine issue of material fact."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the

United States District Court
Northern District of California

1  non-moving party's case." *Id.* (citing *Celotex*, 477 U.S. at 325).

2      "Where the moving party meets that burden, the burden then shifts to the non-moving

3  party to designate specific facts demonstrating the existence of genuine issues for trial." *Oracle*,

4  627 F.3d at 387 (citing *Celotex*, 477 U.S. at 324). "[T]he non-moving party must come forth with

5  evidence from which a jury could reasonably render a verdict in the non-moving party's favor."

6  *Id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986)). "The court must view the

7  evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the

8  nonmovant's favor." *City of Pomona*, 750 F.3d at 1049 (citing *Clicks Billiards Inc. v. Sixshooters

9  Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001)). "Where the record taken as a whole could not lead a

10  rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* at

11  1049-50 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587

12  (1986)).

13  **III.    REQUEST TO STRIKE**

14      The Court first considers Kahn's request to "strike any inadmissible hearsay of Greg

15  Xiong." Opp. at 6. The Court finds there are no inadmissible hearsay statements in the

16  declaration. *See* Fed. R. Evid. 801 (defining hearsay and identifying exceptions). The Court

17  therefore OVERRULES Kahn's request to strike the declaration.

18  **IV.    ANALYSIS**

19      **A.    Whether Kahn Has Standing to Enforce the Agreement**

20      Wang argues that Kahn does not have standing to enforce the arbitration agreement. MSJ

21  at 8-10. He asserts that because the RDS Agreement was between Wang and FPG, only FPG

22  would have standing to enforce the agreement, and FPG has defaulted. *Id.* The Court must

23  evaluate whether Kahn, as a nonsignatory to the RDS Agreement, has standing to enforce its

24  arbitration clause.

25      "Generally, the contractual right to compel arbitration 'may not be invoked by one who is

26  not a party to the agreement and does not otherwise possess the right to compel arbitration.'"

27  *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013) (quoting *Britton v. Co-op

28  Banking Grp.*, 4 F.3d 742, 744 (9th Cir. 1993)). But "[t]he United States Supreme Court has held

4

United States District Court
Northern District of California

1   that a litigant who is not a party to an arbitration agreement may invoke arbitration under the

2   [Federal Arbitration Act] if the relevant state contract law allows the litigant to enforce the

3   agreement." *Id.* at 1128 (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009)).

4   Therefore, "[s]tate law determines whether a non-signatory to an agreement containing an

5   arbitration clause may compel arbitration." *Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 946 (9th

6   Cir. 2022). "Under California law, '[g]eneral contract and agency principles apply in determining

7   the enforcement of an arbitration agreement by or against nonsignatories.'" *Levi Strauss & Co. v.*

8   *Aqua Dynamics Sys., Inc.*, No. 15-cv-04718-WHO, 2016 WL 6082415, at *5 (N.D. Cal. Oct. 18,

9   2016) (quoting *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009)). "Among

10  these principles are '1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter

11  ego; and 5) estoppel.'" *Mundi*, 555 F.3d at 1045 (quoting *Comer v. Micor, Inc.*, 436 F.3d 1098,

12  1101 (9th Cir. 2006)). "A nonsignatory also can seek to enforce an arbitration agreement as a

13  third party beneficiary." *Id.* at 1045 n.2 (citing *Comer*, 436 F.3d at 1101).

14          Wang argues that Kahn cannot enforce the arbitration agreement because he is not a third-

15  party beneficiary of the contract. MSJ at 8-9. Kahn does not dispute that he is not a third-party

16  beneficiary. *See* Opp. But the case law makes clear a party need not be a third-party beneficiary

17  to enforce an arbitration agreement. The Court will therefore determine whether any of the other

18  avenues apply.

19          Kahn argues that he can enforce the arbitration agreement based on the RDS Agreement

20  and the Asset Purchase Agreement, which was part of the FPG Dissolution Package. Opp. at 12-

21  13, 15-16, 18-19; *see* ECF No. 112-2 Ex. 3 (FPG Dissolution Package). Kahn argues that by this

22  document, "[o]wnership of the arbitration was transferred to Kahn in exchange for Kahn paying

23  off FPG's debts." Opp. at 12. He also notes that he, as an individual, was named in the arbitration

24  complaint. *Id.* at 13. Finally, Kahn states that he was the "sole shareholder and sole practitioner

25  of FPG." *Id.* at 19. Wang asserts that the language of the Asset Purchase Agreement did not

26  assign Kahn the right to pursue FPG's claims in arbitration. Reply at 5-6. He notes that the Asset

27  Purchase Agreement assigns Kahn the "rights, title and interest to the amount due" to FPG in the

28  arbitration, not the right to pursue the arbitration himself. *Id.* at 5 (quoting Asset Purchase

Agreement).

The Court finds that Kahn has standing to enforce the arbitration agreement as an agent of FPG.  *See Mundi*, 555 F.3d at 1045; *see also Airtourist Holdings LLC v. HNA Grp.*, No. C 17-04989 JSW, 2018 WL 3069444, at *3 (N.D. Cal. Mar. 27, 2018) ("Defendants are entitled to enforce the agreements pursuant to an agency doctrine . . . .").  First, the Court notes that Kahn did not frame his argument in terms of agency doctrine.  *See* Opp.  However, Kahn did argue that he was the "sole shareholder and sole practitioner of FPG."  *Id.* at 19.  And the Court filings by *pro se* litigants are to be construed liberally.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  The Court will therefore evaluate Kahn's standing to enforce the arbitration agreement as an agent.

"The status of [a party] as non-signator[y] is irrelevant where there is an agency relationship with a signatory."  *Airtourist Holdings*, 2018 WL 3069444, at *3 (citing *Amisil Holdings, Ltd. v. Clarium Cap Mgmt.*, 622 F. Supp. 2d 825, 830 (N.D. Cal. 2007)).  A court found the that non-signatory parties had standing as agents of a signatory company where they "were integral in the founding of [the company], they were its first and only employees, and [they] executed contracts on behalf of [the company]."  *Id.*  Here, the facts are similar.  Kahn was the Director and sole shareholder of FPG.  *See* Asset Purchase Agreement.  He also executed contracts on behalf of FPG, including the RDS Agreement that contains the arbitration clause.  *See* RDS Agreement.  Under contract and agency principles, Kahn has standing to enforce the arbitration agreement even though he was not a signatory.

**B.     Whether a Valid Contract Was Formed**

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).  A court "must first determine 'whether a valid agreement to arbitrate exists.'"  *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).  The court will "'apply ordinary state-law principles that govern the formation of contracts' to decide whether an agreement to arbitrate exists."  *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514

United States District Court
Northern District of California

6

1    U.S. 938, 944 (1995)).  The Court thus evaluates whether there is a genuine dispute of material

2    fact as to whether the RDS Agreement is a valid agreement to arbitrate.

3    **1.  Effect of FPG's Dissolution**

4    Wang argues that FPG's default requires the Court deem true several allegations against

5    FPG and that "[t]hese allegations establish that the contract containing the arbitration agreement

6    was a product of fraud between Longstaff and FPG, of which Wang had no knowledge, and

7    require the Court to find that it was not validly formed."  MSJ at 10.  But Wang then

8    acknowledges that the fact that FPG defaulted does not mean the allegations are admitted as

9    against Kahn, and he then argues that Kahn lacks standing.  *Id.*

10   The Court already decided Kahn has standing to enforce the arbitration agreement.  To the

11   extent that Wang is arguing that the Court must find the contract invalid because FPG defaulted,

12   that argument fails.  As Wang notes, FPG's default does not mean the allegations are deemed

13   admitted as against Kahn.  *Cf.* Rutter Grp. Prac. Guide Fed. Civ. Proc. Before Trial, Calif. & 9th

14   Cir. Eds. Ch. 6-D, §§ 6:121-6:129.5 (discussing how, in some situations, entering default

15   judgment against one defendant while others remain could lead to inconsistent judgments).

16   Therefore, the Court will analyze whether there is a genuine dispute of material fact as to whether

17   the contract was formed.

18   **2.  Validity of Contract**

19   The Court now turns to analyzing the validity of the RDS Agreement itself.  Wang argues

20   that the agreement is invalid because (1) he did not sign the RDS Agreement; (2) he did not ratify

21   the RDS Agreement; and (3) he did not take actions giving Longstaff either actual or apparent

22   authority to enter into the RDS Agreement.  MSJ at 10-17.

23   Longstaff signed the RDS Agreement on Wang's behalf.  *See* RDS Agreement.  The

24   parties dispute whether Longstaff was authorized to do so under a Power of Attorney.  As stated

25   above, Wang says that the November 2017 POA is fraudulent because Longstaff forged his

26   signature.  Wang Decl. ¶ 16.  Further, he provides evidence from two other individuals supporting

27   that the November 2017 POA was fraudulent.  First, he provides a declaration from a handwriting

28   expert that the November 2017 POA was a "fabricated document."  Declaration of Patricia Fisher,

United States District Court
Northern District of California

7

1   ECF No. 10-5 ¶¶ 16, 18.  Second, he provides a declaration from the individual who purportedly

2   notarized a February 2019 POA, which Wang asserts was also fraudulent.  Declaration of Jayesh

3   A. Patel, ECF No. 10-4 ("Patel Decl.").  The notary states that he did not notarize the February

4   2019 POA, and he provides a copy of the list of documents he notarized on that date, which does

5   not show the February 2019 POA.  Patel Decl. ¶¶ 3-8, Ex. A.  While the disputed agreement was

6   not signed pursuant to the February 2019 POA, the declaration as to that document's fraudulence

7   tends to suggest that the February 2017 POA may be fraudulent as well.

8          In his Opposition, Kahn makes much of a different POA, signed in June 2018 ("June 2018

9   POA").  Opp. at 13-14; *see* ECF No. 151-1 Ex. A (June 2018 POA).  Wang does not dispute that

10  the June 2018 limited POA was legitimate.  Wang Decl. ¶ 14.  But the June 2018 POA was a

11  limited POA for the purposes of filing Wang's tax returns with the IRS, and it did not give

12  Longstaff the authority to enter the PDRFA or RDS Agreement.  *See* June 2018 POA.  Kahn does

13  not dispute that the November 2017 POA, pursuant to which the PDRFA and RDS Agreement

14  were signed, was fraudulent.  Therefore, there is no dispute of fact as to whether the November

15  2017 POA was forged.

16         The Court next turns to ratification and apparent authority, both of which are related to

17  principles of agency.  "Agency is the fiduciary relationship that arises when one person (a

18  'principal') manifests assent to another person (an 'agent') that the agent shall act on the

19  principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise

20  consents so to act."  Restatement (Third) of Agency § 1.01 (2006).  There are several ways to

21  establish an agency relationship, including actual authority, apparent authority,

22  and ratification.  *Id.*; *see also Henderson v. United Student Aid Funds*, 918 F.3d 1068, 1073 (9th

23  Cir. 2019).  "An agency relationship arises only when the elements stated in § 1.01 are

24  present. Whether a relationship is characterized as agency in an agreement between parties or in

25  the context of industry or popular usage is not controlling."  Restatement §

26  1.02; *accord Henderson*, 918 F.3d at 1073.

27         "Ratification is the affirmance of a prior act done by another, whereby the act is given

28  effect as if done by an agent acting with actual authority."  Restatement (Third) Of Agency § 4.01

8

1    (2006).  "The fundamental test of ratification by conduct is whether the [party], with full

2    knowledge of the material facts permitting rescission, has engaged in some unequivocal conduct

3    giving rise to a reasonable inference that he or she intended the conduct to amount to a

4    ratification."  *Aikins v. Tosco Refin. Co., Inc.*, No. C 98-00755-CRB, 1999 WL 179686, at *4

5    (N.D. Cal. Mar. 26, 1999) (citing *Union Pac. R. Co. v. Zimmer*, 87 Cal. App. 2d 524, 532 (1948)).

6         The Court finds there is a genuine dispute of material fact as to whether Wang ratified the

7    contract.  Kahn states in his declaration that Wang made several payments to FPG pursuant to the

8    disputed contracts.  Declaration of Richard Kahn, ECF No. 112-1 ("Kahn Decl.") at 42-45.  And

9    Kahn also states that Wang received refunds from the IRS pursuant to the disputed contracts.  *Id.*

10   If Wang took these actions, they could possibly be sufficient to constitute ratification.  There is

11   thus a genuine issue of material fact as to whether Wang ratified the contract.  Because the Court

12   finds there is a genuine dispute of material fact as to ratification, it need not reach the issue of

13   apparent authority.

14   **V.    ORDER**

15        For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion for

16   Summary Judgment is DENIED.

17

18   Dated:  December 15, 2022

19                                            _____

20                                            BETH LABSON FREEMAN
                                             United States District Judge
21

22

23

24

25

26

27

28

United States District Court
Northern District of California

9