UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YOULIN WANG,<br><br>        Petitioner,<br><br>    v.<br><br>RICHARD KAHN,<br><br>        Respondent. | Case No. 20-cv-08033-BLF<br><br>**ORDER DENYING RESPONDENT'S MOTION TO COMPEL ARBITRATION**<br><br>[Re: ECF No. 114] |

This action for injunctive relief arises from an arbitration regarding fees for the tax services provided in association with two real estate sales in Palo Alto, California (the "Arbitration"). In November 2019, Respondent Richard Kahn and Forensic Professionals Group USA, Inc. ("FPG") initiated the Arbitration to recover unpaid fees against Petitioner Youlin Wang, as well as Petitioner's former attorney Derek Longstaff. ECF No. 1 ("Pet.") ¶¶ 24-25. After learning of the Arbitration, Petitioner filed this action in the Northern District of California, seeking to enjoin Kahn and FPG from pursuing the Arbitration and to enjoin Longstaff from purporting to act on Petitioner's behalf in the Arbitration. Pet. ¶¶ 37-69.

Now before the Court is Respondent Richard Kahn's motion to compel arbitration. ECF No. 114 ("MTC"); *see also* ECF No. 124 ("Reply"). Petitioner Youlin Wang opposes the motion. ECF No. 117 ("Opp."). For the reasons explained below, the Court DENIES the motion to compel arbitration.

I.     BACKGROUND

    A.     Factual Background

The following facts are submitted by Respondent Kahn. Kahn was the principal of FPG. Declaration of Richard Kahn, ECF No. 112-1 ("Kahn Decl.") ¶ 4. On November 20, 2019, Kahn,

naming himself and FPG as claimants, filed an arbitration action against Petitioner Wang for breach of contract for failure to make a payment under a contract. *Id.* ¶ 14. The underlying contract arose when Wang's attorney Derek Longstaff, hired through his brother-in-law and authorized agent Greg Xiong, hired FPG to assist with Wang's tax returns in association with certain of Wang's properties in California. *Id.* ¶¶ 24-26; *see also* Declaration of Youlin Wang, ECF No. 23-4 Ex. A ("Wang Decl.") ¶¶ 3, 5; Declaration of Guohua "Greg" Xiong, ECF No. 117-2 ("Xiong Decl.") ¶¶ 3-5, 8-9.

Kahn "believed that Longstaff was the attorney duly licensed and authorized by Wang to act as Wang's power of attorney (POA) on all matters relating to the properties 3880/3878 Magnolia Drive and 2017/2018 tax matters as well as entering enforceable fee agreements for FPG services." Kahn Decl. ¶ 24. Kahn also states that Wang authorized Longstaff to receive his tax refunds and settle any fees with FPG. *Id.* But Wang claims that, in the course of Longstaff's interactions with the Kahn and FPG on behalf of Petitioner, Longstaff created a fraudulent power of attorney ("POA") dated November 13, 2017, purportedly from Petitioner, conferring Longstaff and his firm with broad authority to act on Petitioner's behalf. Wang Decl. ¶ 16, Ex. B ("November 2017 POA"). Petitioner asserts that he did not sign the POA and did not give Longstaff authority to act on his behalf. *Id.* Kahn states that he did due diligence to confirm the POA was legitimate. Kahn Decl. ¶ 27.

Longstaff entered into a Partially Deferred Retainer and Fee Agreement ("PDRFA") and a Refund Disbursement Service ("RDS") Agreement with FPG on or about August 16, 2018. Kahn Decl. ¶ 28; *see* Pet. Exs. A (PDRFA), B (RDS Agreement). Kahn states that Wang made several payments on the contracts. Kahn Decl. ¶¶ 31-41, 87-91.

As stated above, on November 20, 2019, Kahn, on behalf of himself and FPG, filed the complaint for arbitration based on Wang's failure to make the final payment. Kahn Decl. ¶ 58. The RDS Agreement contained the arbitration clause under which the he initiated the underlying Arbitration. *See* RDS Agreement at 4.

On November 6, 2019, Xiong terminated Longstaff as attorney for Petitioner. Xiong Decl. ¶ 20.

### B. Arbitration History

On or around November 20, 2019, Kahn and FPG initiated the Arbitration with the American Arbitration Association ("AAA") against Wang and Longstaff, individually and as purported power of attorney for Petitioner, alleging breach of the PDRFA and RDS Agreement for unpaid fees. Declaration of Dhaivat Shah, ECF No. 138-2 ("Shah Decl.") ¶ 2, Ex. A. Kahn states that he sent Longstaff and Jiayin Liao, another attorney representing Wang, a demand to arbitrate letter on November 20, 2019. Kahn Decl. ¶ 54. Wang claims that neither Longstaff nor Kahn notified Petitioner or Xiong that the Arbitration had been filed. Shah Decl. ¶ 3.

On December 10, 2019, after he had been terminated as Petitioner's attorney, Longstaff appeared in the Arbitration and purported to file an answer and counterclaims on behalf of both himself and Petitioner. Shah Decl. ¶ 4; *see also* Pet. Ex. E at 1-2; Kahn Decl. ¶ 59. Longstaff further purported to make appearances and select an arbitrator. Shah Decl. ¶ 4.

Around mid-September 2020, Longstaff sent a copy of the Arbitration's Amended Claim to Morgan, Lewis & Bockius LLP, former counsel to Petitioner's company MagnoliaDrHomes LLC. Shah Decl. ¶ 5. Petitioner alleges that this was the first time that a party to the Arbitration attempted to provide the Arbitration pleadings to anyone affiliated with Petitioner. *Id.* ¶ 5. In October 2020, Petitioner's current counsel, Grellas Shah LLP, informed AAA and the parties to the Arbitration that Petitioner objected to arbitral jurisdiction. *Id.* ¶ 6; Kahn Decl. ¶ 62. On December 2, 2020, after filing the instant action, Wang submitted a request to the arbitrator for leave to file a motion to stay the arbitration. Kahn Decl. ¶¶ 63, 68-69; Declaration of Dhaviat Shah, ECF No. 117-1 ("Shah Decl. II") ¶ 8, Ex. B. It was denied. Shah Decl. II ¶ 9; Kahn Decl. ¶ 65. On February 18, 2021, Wang submitted objections to the AAA's Administrative Review Council ("ARC") requesting that it vacate the arbitration and disqualify the arbitrator. Shah Decl. II ¶ 10, Ex. C; *see* Kahn Decl. ¶¶ 66, 70. On March 10, 2021, the ARC issued a letter ("March 2021 ARC Letter") stating that "in the absence of an agreement by the parties or a court order staying the case, the AAA will proceed with the administration of the arbitration." Shah Decl. II ¶ 11, Ex. D (letter); Kahn Decl. ¶ 75.

### C. Procedural History

On November 13, 2020, Petitioner filed the Petition in this Court to enjoin the Arbitration and enjoin Longstaff from representing Petitioner in the Arbitration. ECF No. 1. On April 5, 2021, then-District Judge Koh granted an unopposed motion for preliminary injunction, enjoining Respondents from continuing the Arbitration. ECF No. 45. On January 4, 2022, Circuit Judge Koh sitting by designation reaffirmed the injunction by denying Kahn and FPG's motion to vacate the preliminary injunction and to dismiss for lack of personal jurisdiction, subject matter jurisdiction, and venue. ECF No. 68. On June 10, 2022, Kahn and FPG filed their answer. ECF No. 91.

The Court entered default judgment against Longstaff on August 26, 2022. ECF Nos. 106-07. On August 31, 2022, the Court struck the answer as to FPG for failure to obtain counsel of record. ECF No. 108. On September 2, 2022, the Clerk entered default as to FPG. ECF No. 110. Kahn is thus the only remaining Respondent in the case.

Now before the Court is Kahn's motion to compel arbitration.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to arbitration agreements affecting interstate commerce and governs the enforceability and scope of an arbitration clause. *See* 9 U.S.C. §§ 1-402. The FAA embodies a "national policy favoring arbitration and a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345–46 (2011) (internal quotations and citations omitted). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Benson v. Casa de Capri Enters., LLC*, 980 F.3d 1328, 1330 (9th Cir. 2020) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). A moving party need only prove by a preponderance of the evidence that an agreement to arbitrate the claims exists. *See Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1005 (9th Cir. 2010). "[T]he party resisting arbitration bears the burden of establishing that the arbitration agreement is inapplicable." *Wynn Resorts, Ltd. v. Atl.-Pac. Cap., Inc.*, 497 F. App'x 740, 742 (9th Cir. 2012).

4

1     Section 2 of the FAA makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Generally, in deciding whether to compel arbitration, a court must determine two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

### III. ANALYSIS

Kahn argues that the case should proceed to arbitration because there is a valid agreement to arbitrate. MTC at 11-15. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). A court "must first determine 'whether a valid agreement to arbitrate exists.'" *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). The court will "'apply ordinary state-law principles that govern the formation of contracts' to decide whether an agreement to arbitrate exists." *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The Court thus must evaluate whether there is a genuine dispute of material fact as to whether the RDS Agreement is a valid agreement to arbitrate.

Respondent argues that the fact that Wang made payments under the RDS Agreement shows that it is valid. *See* MTC at 10-11. As the Court previously determined in its Order on the motion for summary judgment, there is a genuine dispute of material fact as to whether Wang ratified the contract, thus rendering it valid. *See* ECF No. 158 ("MSJ Order"). Because of this dispute of fact, the Court cannot determine that there was a valid contract.

Respondent's other arguments are to no avail. Respondent argues that the Court should "dissolve" the preliminary injunction because he has "just discovered a new, critical fact that

United States District Court
Northern District of California

5

1  [Petitioner] failed to bring to the attention of Judge Koh when [Petitioner] filed [his] motion for a preliminary injunction." MTC at 1-7. This "new" fact is the fact that Petitioner received a letter from the AAA's ARC on March 10, 2021 claiming arbitral jurisdiction (the "March 2021 ARC Letter"). *Id.* at 1. Further, Kahn argues that Petitioner did not inform Judge Koh that he had "submitted to arbitral jurisdiction" for over five months. *Id.* at 5. Kahn points to several filings in the arbitration proceeding. *Id.* at 3-4. And he argues that a federal court should not enjoin "an arbitration over which the arbitrator has made a decision accepting jurisdiction." *Id.* at 6. Respondent later asserts that the fact that Wang "knowingly failed to advise Judge Koh of the true extent of [his] pleadings into arbitration for 4-5 months . . . may be considered unclean hands by the Court." *Id.* at 15-16. And he requests that if the Court decides Wang's attorney violated Rule 11 and chooses to impose sanctions, he would request $20,500 in monetary sanctions in addition to the Court vacating the temporary injunction, dismissing the case, or compelling arbitration. *Id.* at 7. Petitioner counters that (1) Kahn is improperly bringing a motion for reconsideration of or a motion to dissolve the preliminary injunction order; (2) Wang never submitted to arbitral jurisdiction; and (3) unclean hands is inapplicable because Wang did not engage in wrongdoing. Opp. at 1-2.

The Court declines to dissolve the preliminary injunction on the bases provided by Kahn. The Court agrees with Petitioner that this is an improper motion for reconsideration or motion to dissolve the preliminary injunction. *See* Opp. at 8-9. A motion for reconsideration requires leave of court to be filed. Civ. L.R. 7-9(a). And under Civil Local Rule 7-9(b), a motion for leave to file a motion for reconsideration must show reasonable diligence in bringing the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or

6

dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Similarly, a motion to dissolve a preliminary injunction requires "a significant change in facts or law." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000). As argued by Wang, Kahn has shown no new material fact. *See* Opp. at 10, 12. The presented facts are not new, as the procedural history of the arbitration proceeding was known to Kahn and his attorney prior to the Court's entry of the preliminary injunction order on April 5, 2021, or its entry of the order denying the motion to vacate the preliminary injunction order on January 4, 2022. *See* ECF Nos. 45, 68. And the facts are not material nor significant. Kahn has not shown that Wang submitted to arbitral jurisdiction; in fact, the declaration from Wang's attorney indicates the opposite. Shah Decl. II ¶¶ 5-12, Exs. A-D. And the Court does not agree that the Court would have made a different decision on the preliminary injunction order based on the March 2021 ARC Letter, as that letter did not address the dispositive issue of whether there was a valid arbitration agreement. *See* Opp. at 11; Shah Decl. II ¶ 11, Ex. D (letter); ECF No. 45 (preliminary injunction order). The Court therefore declines to dissolve the preliminary injunction or to order sanctions under Rule 11.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Respondent's Motion to Compel Arbitration is DENIED. The Court has set an evidentiary hearing on April 10, 2023, which should resolve the disputed facts.

Dated: January 18, 2023

_____
BETH LABSON FREEMAN
United States District Judge

7