**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YOULIN WANG,<br><br>   Petitioner,<br><br>  v.<br><br>RICHARD KAHN,<br><br>   Respondent. | Case No. 20-cv-08033-BLF<br><br>**ORDER RE MOTIONS *IN LIMINE***<br><br>[Re: ECF Nos. 167, 168, 169] |

This action for injunctive relief arises from an arbitration regarding fees for the tax services provided in association with two real estate sales in Palo Alto, California (the "Arbitration"). In November 2019, Respondent Richard Kahn and Forensic Professionals Group USA, Inc. ("FPG") initiated the Arbitration to recover unpaid fees against Petitioner Youlin Wang, as well as Petitioner's former attorney Derek Longstaff. ECF No. 1 ("Pet.") ¶¶ 24-25. After learning of the Arbitration, Petitioner filed this action in the Northern District of California, seeking to enjoin Kahn and FPG from pursuing the Arbitration and to enjoin Longstaff from purporting to act on Petitioner's behalf in the Arbitration. Pet. ¶¶ 37-69.

The Court held a Pretrial Conference on March 1, 2023, during which it issued oral rulings on the Parties' motions *in limine*. The rulings on the motions *in limine* are summarized as follows:

- Petitioner Wang's MIL No. 1, ECF No. 167 ("Pet. MIL 1"): DENIED
- Petitioner Wang's MIL No. 2, ECF No. 168 ("Pet. MIL 2"): GRANTED
- Petitioner Wang's MIL No. 3, ECF No. 169 ("Pet. MIL 3"): GRANTED

**I. PETITIONER WANG'S MOTIONS *IN LIMINE***

Petitioner Youlin Wang filed three motions *in limine*. Respondent opposed all three motions. *See* ECF Nos. 173-175. The Court considers each motion *in limine* in turn.

### A. Petitioner's Motion *in Limine* No. 1 to Exclude Arguments and Evidence by Respondent Richard Kahn Asserting that Wang has Submitted to Arbitral Jurisdiction

In his first motion *in limine*, Wang argues that the Court should exclude any argument or evidence that Wang submitted to arbitral jurisdiction through his actions in the arbitration. Pet. MIL 1 at 1. He asserts that the Court already rejected this argument. *Id.* He identifies several of Kahn's exhibits that Wang states appear to be intended to support the argument that Wang submitted to arbitral jurisdiction. *Id.* at 2. Wang asserts that these documents should be excluded under Evidence Rule 403 as irrelevant. *Id.*

The Court DENIES Petitioner's Motion *in Limine* No. 1. Based on the argument at the Pretrial Conference, there is still a live issue as to whether Wang submitted to arbitral jurisdiction. The Court will address any objections to the evidence made at trial.

### B. Petitioner's Motion *in Limine* No. 2 to Exclude Arguments and Evidence by Respondent Richard Kahn Regarding Other Court Actions Filed by Wang or Magnoliadrhomes LLC

In his second motion *in limine*, Wang argues that the Court should exclude arguments and evidence as to other court actions filed by Wang or Magnoliadrhomes LLC. Pet. MIL 2 at 1. Wang points to several of Kahn's exhibits that he states are documents from the superior court actions. *Id.* at 1-2. He argues these exhibits should be excluded because they are not relevant to the matter before the Court: whether the arbitration agreement was formed.

In his opposition, Respondent discusses the Deferred Asset Trust ("DAT") Agreement. *See* ECF No. 174. But this motion *in limine* does not seek to exclude the DAT Agreement. *See* MIL 2.

The Court GRANTS Petitioner's Motion *in Limine* No. 2. Pleadings, briefs, and orders that were filed in other court actions are not relevant to the matter before the Court. Respondent is free to seek to admit the DAT Agreement, and the Court will address any objections made by Petitioner to admission of the DAT Agreement at the trial.

### C. Petitioner's Motion *in Limine* No. 3 to Exclude Arguments and Evidence by Respondent Richard Kahn Relating to Harkecho LLC

In his third motion *in limine*, Wang asserts that the Court should exclude arguments and evidence related to the omission of income Wang earned from Harkecho LLC from Wang's

original tax returns prepared by Kahn.  Pet. MIL 3 at 1.  At the Pretrial Conference, Respondent indicated that he did not seek to introduce evidence or make arguments related to the omission of the Harkecho income from Wang's original tax returns.

The Court GRANTS Petitioner's Motion *in Limine* No. 3.  Respondent may submit other evidence related to Harkecho LLC, including any evidence that Harkecho LLC made payments to Respondent.

**IT IS SO ORDERED.**

Dated:  March 2, 2023

_____
BETH LABSON FREEMAN
United States District Judge

3